WO                                                                                                          NA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo, | No. CV 19-05349-PHX-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Bautista, et al., | |
| Defendants. | |

Plaintiff Paul Anthony Robledo, who is confined in the Arizona State Prison Complex-Lewis (ASPC-Lewis), filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a January 13, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

After requesting and receiving an extension of time, Plaintiff filed a First Amended Complaint on February 12, 2020. On March 18, 2020, Plaintiff filed a Second Amended Complaint, which superseded the First Amended Complaint in its entirety. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). In an April 2, 2020 Order, the Court dismissed the Second Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a third amended complaint that cured the deficiencies

1    identified in the Order.

2         On April 23, 2020, Plaintiff filed a Third Amended Complaint (Doc. 13). The Court
3    will order Defendant Bautista to answer Count Two of the First Amended Complaint,
4    Defendant Trinity Service Group to answer Count Three, and dismiss Count One without
5    prejudice.

6    **I.     Statutory Screening of Prisoner Complaints**

7         The Court is required to screen complaints brought by prisoners seeking relief
8    against a governmental entity or an officer or an employee of a governmental entity. 28
9    U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff
10   has raised claims that are legally frivolous or malicious, that fail to state a claim upon which
11   relief may be granted, or that seek monetary relief from a defendant who is immune from
12   such relief. 28 U.S.C. § 1915A(b)(1)–(2).

13        A pleading must contain a "short and plain statement of the claim *showing* that the
14   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does
15   not demand detailed factual allegations, "it demands more than an unadorned, the-
16   defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
17   (2009). "Threadbare recitals of the elements of a cause of action, supported by mere
18   conclusory statements, do not suffice." *Id.*

19        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
20   claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
21   550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
22   that allows the court to draw the reasonable inference that the defendant is liable for the
23   misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for
24   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
25   experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual
26   allegations may be consistent with a constitutional claim, a court must assess whether there
27   are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

28        . . . .

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II. Third Amended Complaint

In his three-count Third Amended Complaint, Plaintiff names as Defendants ASPC-Lewis Corrections Officer (CO) II Unknown Bautista and Trinity Services Group (TSG). Plaintiff seeks monetary damages, injunctive relief, and future "medical and living expenses."

In **Count One**, Plaintiff asserts a mail claim and alleges that Defendant Bautista was "the mail and property COII" until April 2019. On March 14, 2019, Bautista confiscated one page of Plaintiff's incoming mail pursuant to the Arizona Department of Corrections' (ADC) policy regarding sexually explicit content. Plaintiff claims Bautista's actions violated his rights because the mail confiscated "had already [been] inspected and approved" by the Lewis Complex mailroom supervisors pursuant to Department Order (DO) 914.8. Bautista told two other COs over speakerphone that the page confiscated contained "ads for models in swimsuits," but Bautista "said nothing about nudity or language." Plaintiff claims Bautista violated his rights because the page confiscated was not sexually explicit. Plaintiff further claims Bautista's actions did not further any legitimate penological interests.

In **Count Two**, Plaintiff asserts a freedom of speech claim and alleges that when incoming mail is confiscated, the inmate can submit an appeal to the Complex Office of Publication Review by submitting an inmate letter within 30 days of receiving a notice of the confiscation. Plaintiff claims this is the only way to appeal a confiscation, and inmates cannot initiate the grievance procedure to appeal a confiscation. On March 15, 2019, Plaintiff submitted an appeal request of Defendant Bautista's confiscation. On March 19, 2019, Bautista returned the appeal after opening, reading, and responding to the appeal

request. Plaintiff claims this "censored and completely stifled" his appeal to the Lewis Complex Office of Publication Review, which Plaintiff claims is a violation of his First Amendment rights. Plaintiff claims Bautista's actions of answering and returning the appeal request did not advance any legitimate penological interests.

In **Count Three**, Plaintiff asserts a claim regarding a denial of basic necessities and alleges that Defendant TSG has a policy, practice, and custom of providing Plaintiff with a diet that is "far below what is recommended by agencies like the F.D.A." The FDA recommends that in order to maintain adequate health, a diet must contain sources of vitamin B12, such as beef and green, leafy vegetables. Plaintiff states that during a six-week rotation of 114 meals, he is served one, three-ounce serving of beef and six ¾-cup servings of green, leafy vegetables. Plaintiff claims that, as a result of the insufficient diet, he is at risk of developing serious health problems. Plaintiff claims that TSG is aware of the FDA recommendations, but the TSG diet fails to meet the recommendations "despite the risk of harm to inmates." As a result, Plaintiff was diagnosed with "vitamin B12 deficiency anemia due to dietary causes," requiring biannual blood tests and monthly injections.

### III.  Failure to State a Claim

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *see also Clement v. Cal. Dep't of Corr.*, 364 F.3d 1148, 1151 (9th Cir. 2004) (per curiam). An inmate has a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1999). However, that "right is subject to 'substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.'" *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005) (citing *Walker v. Sumner*, 917 F.2d 382, 385 (9th Cir.1990)); *Morrison v. Hall*, 261 F.3d 896, 901 (9th Cir. 2001). Prison officials may restrict an inmate's First Amendment rights with respect to nonlegal mail if such restrictions are reasonably related to legitimate penological

interests. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002) (citing *Turner v. Safley*, 482 U.S. 78, 92 (1986)). To that end, some forms of content regulation are permissible in the prison context. *McCabe v. Arave*, 827 F.2d 634, 638 (9th Cir. 1987). For example, courts have upheld restrictions on sexually explicit materials, *Bahrampour v. Lampert*, 356 F.3d 969, 973 (9th Cir. 2004), and materials that were deemed to pose a threat to the order and security of the institution, *Harper v. Wallingford*, 877 F.2d 728, 733 (9th Cir. 1989). To state a claim, a plaintiff must also allege facts to support that a defendant actually and proximately caused the deprivation of his First Amendment rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

In Count One, Plaintiff claims Defendant Bautista wrongfully confiscated one page of his incoming mail because the mail was not sexually explicit. Plaintiff claims the page confiscated contained photographs of models in bathing suits and did not contain any nudity. Plaintiff's reference to "nudity" is ambiguous, however, and it is not clear the rejected publication lacked any instances of nudity as that term is defined by the Arizona Department of Corrections. *See* Department Order 914.7.2.1. ADC's Glossary of Terms, which incorporates Arizona Revised Statues section 13-3501, defines "nudity" as "the showing of the human male or female genitals, pubic area, female breast with less than a fully opaque covering of the nipple, or male or female buttocks with less than a full opaque covering of the anus (e.g., a thong). The anus does not need to be visible."[1] Plaintiff does not challenge the propriety or constitutionality of the policy, and any failure by prison officials to comply with the policy does not, in and of itself, violation Plaintiff's constitutional rights. Moreover, an isolated incident of mail confiscation, without an improper motive, does not rise to the level of a constitutional violation. *Lingo v. Boone*, 402 F.Supp. 768, 773 (N.D. Cal. 1975); *see also Gardner v. Howard* 109 F.3d 427, 430-31 (8th Cir. 1997); *Smith v. Mashner*, 899 F.2d 940, 944 (10th Cir. 1990); *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2nd Cir. 1975). Accordingly, the Court will dismiss

---

[1] *See* https://corrections.az.gov/sites/default/files/policies/glossary_of_terms_05062020.pdf (last visited May 20, 2020.)

**TERMPSREF**

- 5 -

Count One.

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has sufficiently stated a procedural due process claim against Defendant Bautista in Count Two, and the Court will require Defendant Bautista to answer Count Two.

Liberally construed, Plaintiff has sufficiently stated an Eighth Amendment conditions-of-confinement claim against Defendant Trinity Service Group in Count Three, and the Court will require Trinity Service Group to answer Count Three.

**V.     Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. Plaintiff may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to

TERMPSREF

prison officials for filing with the Court.

**If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count One is **dismissed** without prejudice.

(2)     Defendant Bautista must answer Count Two, and Defendant Trinity Service Group must answer Count Three.

(3)     The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants.

(4)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order,

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(6) The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(8) A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(9) The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Third Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant

TERMPSREF

- 8 -

pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)   Defendants must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(12)   This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 26th day of May, 2020.

James A. Teilborg
Senior United States District Judge