WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo, | No. CV-19-05349-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Bautista, et al., | |
| Defendants. | |

Before the Court are Plaintiff's three appeals (Docs. 101, 102, 103) from Magistrate Judge Fine's Orders issued on July 2, 2021 (Docs. 98, 99, 100). The Court now rules.

**I.    BACKGROUND**

Plaintiff filed his initial Complaint on October 9, 2019 (Doc. 1). After the Court dismissed Plaintiff's initial Complaint, (Doc. 6), Plaintiff filed an Amended Complaint (Doc. 10) and a Second Amended Complaint (Doc. 11). After the Court dismissed the Second Amended Complaint, (Doc. 12), Plaintiff filed a Third Amended Complaint (Doc. 13). The Court dismissed count one of the Third Amended Complaint and ordered Defendants Bautista and Trinity Services Group to answer counts two and three of the complaint, and the Court referred the matter to Magistrate Judge Fine. (Doc. 14). Defendants answered the Third Amended Complaint. (Docs. 27, 45). Magistrate Judge Fine issued a Scheduling and Discovery Order (Doc. 29) and later amended that Order (Doc. 62).

On March 23, 2021 Plaintiff submitted a Motion to Compel Production (Doc. 64).

Magistrate Judge Fine denied the motion and ordered Defendant Bautista to notify the Court and Plaintiff in writing if he "received any ADOCCRR letters of reprimand since March 2019." (Doc. 75 at 7). On May 14, 2021, Defendant Bautista submitted a Notice stating that "[n]o such 'letters of reprimand' were found." (Doc. 79 at 1). Plaintiff then filed a Motion for Extension of Time to Respond and Miscellaneous Relief (Doc. 85) and an Amended Motion for Extension of Time to Respond and Miscellaneous Relief (Doc. 86). In the amended motion, Plaintiff alleged he had not received Defendant Bautista's May 14 Notice and requested additional time to respond to the Notice, that Defendant Bautista send him another copy of the Notice, that Defendants be required to register at "Securus.net" and send Plaintiff "an 'introductory' email," that Defendants be required to send Plaintiff an email after every filing, that the Clerk of Court be required to register at "Securus.net" and send Plaintiff "an 'introductory' email," and that Magistrate Judge Fine recommend a directive be issued to register at "Securus.net" and send "an 'introductory' email" in all § 1983 cases filed by inmates. (Doc. 86 at 2–3). Magistrate Judge Fine denied Plaintiff's amended motion, (Doc. 98), and Plaintiff appealed that decision to this Court, (Doc. 101).

On May 4, 2021 Plaintiff submitted a Motion to Appoint Expert Witness (Doc. 78) seeking the appointment of an independent expert to test the amount of vitamin B12 in his food. Magistrate Judge Fine denied the motion without prejudice because Plaintiff had not "demonstrated that the issues in this case are so complex that an independent expert is necessary to assist the trier of fact." (Doc. 99 at 5). Further, Magistrate Judge Fine stated that, "[s]hould the Court later find that appointment of an expert witness be necessary to aid the trier of fact in resolving a complex issue, the Court may *sua sponte* appoint an independent expert at such a later date." (*Id.*). Plaintiff appealed that decision to this Court. (Doc. 102).

On May 4, 2021 Plaintiff submitted a Motion to Compel Production of Documents (Doc. 77) seeking an unredacted copy of contract #120094DC and related documents. Magistrate Judge Fine denied the motion, but ordered that, within 21 days of the Order,

Defendant Trinity Services Group "mail to Plaintiff a copy of contract #120094DC and related amendments that redacts Defendant's competitively sensitive information, confidential trade secrets, and which excludes any materials subject to privilege." (Doc. 100 at 6). Plaintiff appealed that decision to this Court. (Doc. 103).

## II.  LEGAL STANDARD

This Court may modify or set aside any part of a pretrial order issued by a magistrate judge that "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court will overturn a magistrate judge's decision only if it is the result of "clear error." *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (citations omitted). Under this standard of review, the Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Instead, the Court must have a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). The burden of making this showing is on the objecting party. *See Kinkeade v. Beard*, No. 215CV01375TLNCDK, 2017 WL 2813037, at *2 (E.D. Cal. June 29, 2017).

## III.  ANALYSIS

Plaintiff has appealed three orders issued by Magistrate Judge Fine. (Docs. 101, 102, 103). As each appeal addresses a different order, the Court will examine each appeal in turn.

### a.  First Appeal

In his first appeal, Plaintiff requests the Court vacate Magistrate Judge Fine's Order regarding Plaintiff's Amended Motion for Extension of Time to Respond and Miscellaneous Relief (Doc. 98), direct Defendants to register at "SecurusTech.net" and send Plaintiff "an 'introductory' email," and direct the Clerk of Court to register at "SecurusTech.net" and send Plaintiff "an 'introductory' email." (Doc. 101 at 2–3). Plaintiff further withdraws his request to have Defendants sent him an email every time they file a document. (Doc. 101 at 1).

To begin, Plaintiff argues that Magistrate Judge Fine's Order denying his motion incorrectly labeled Plaintiff's motion as a request to change the rules of service in this matter. (*Id.*). Instead, Plaintiff characterizes his motion as "a simple request to use emails by the Plaintiff to the Defendant's (sic)." (*Id.*). Plaintiff, however, admits that there is no "case law or procedural rule" to support his request. (Doc. 95 at 1–2). While Plaintiff's request may not be to change the rules of service, it is a request to change the rules regarding communication with inmate plaintiffs. The Court already has procedures in place for communication with inmate plaintiffs in this and other cases, and the Court will not change the rules for this matter. As Magistrate Judge Fine stated in her Order: "If Plaintiff wishes to propose a general rule change, there are proper avenues to do so regarding the Federal Rules of Civil Procedure and regarding this Court's local rules. Plaintiff may exercise his right to propose rule changes, but such proposals are not properly made as court filings in this case." (Doc. 98 at 4).

Because Plaintiff's motion amounts to a request to change the Rules of Civil Procedure or this Court's local rules, Magistrate Judge Fine's Order denying the motion was neither clearly erroneous nor contrary to law. Accordingly, the Court will deny Plaintiff's first appeal and affirm Magistrate Judge Fine's Order.

### b. Second Appeal

In his second appeal, Plaintiff requests the Court vacate Magistrate Judge Fine's Order regarding Plaintiff's Motion to Appoint Expert Witness (Doc. 99) and appoint an independent expert witness. (Doc. 102 at 2). Plaintiff asserts that an independent expert witness should be appointed by the Court under Federal Rule of Evidence 706 to test the vitamin levels of the food Plaintiff is served in Prison because "calculating the amount of vitamin B12 in a food item is a 'complex scientific subject.'" (*Id.* at 1).

Under Federal Rule of Evidence 706, a district court has the discretion to appoint an independent expert witness. *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Factors a court should examine when considering the appointment of an independent expert include "the complexity of the matters to be

determined and the fact-finder's need for a neutral, expert view." *Carranza v. Fraas*, 763 F. Supp. 2d 113, 119 (D.D.C. 2011); *see Berg v. Prison Health Servs.*, 376 F. App'x 723, 724 (9th Cir. 2010) (holding a district court did not err in denying a motion to appoint an independent expert because the matter did not involve technical evidence or complex issues); *Skylstad v. Reynolds*, 248 F. App'x 808, 810 (9th Cir. 2007) (same). Appointment of an independent expert under Rule 706 "should be reserved for exceptional cases in which the ordinary adversary process does not suffice." *McCoy v. Stronach*, 494 F. Supp. 3d 736, 740 (E.D. Cal. 2020) (internal quotation marks and citation removed).

The Court agrees with Magistrate Judge Fine's determination that there is presently no basis for appointment of an independent expert under Rule 706. While Plaintiff argues that "[c]alculating the amount of vitamin B12 in a food item is a 'complex scientific subject' because that calculation [is] performed in a lab by using chemicals," he misunderstands the role of an independent expert. (Doc. 102 at 1). Courts do not appoint independent expert witnesses to assist a litigating party in the collection of evidence. *See Carranza*, 763 F. Supp. 2d at 119 ("Courts do not, however, appoint expert witnesses for the purpose of assisting a litigating party."); *Hannah v. United States*, 2006 WL 2583190, at *4 (N.D. Tex. Sept. 1, 2006) (declining to appoint an expert witness for a pro se plaintiff because such appointment would merely assist the plaintiff in proving his case rather than provide a neutral expert view for the court); *Daker & Kennedy v. Wetherington*, 2006 WL 648765, at *5 (N.D. Ga. Mar. 15, 2006) (noting that "[l]itigant assistance is not the purpose of Rule 706"). Thus, Plaintiff's request for the Court to appoint an independent expert under Rule 706 to test the levels of B12 in his food and present that evidence at trial is improper. (Doc. 78 at 1–2); *see O'brien v. Said*, No. 118CV00741NONESABPC, 2020 WL 5203424, at *1 (E.D. Cal. Sept. 1, 2020) (holding that a court may not appoint an expert witness to present evidence for Plaintiff at trial). Further, Plaintiff notes that he is eligible for Cares Act refund payments, so he may retain his own expert without a court order. (*See* Doc. 84 at 2).

At best, Plaintiff's request is premature because he has made no argument and

pointed to no evidence of "a serious dispute that could be resolved or understood through expert testimony." *McCoy*, 494 F. Supp. 3d at 740. While testing the B12 levels of food is a scientific process, determining if those levels meet the necessary levels to prevent a B12 deficiency is not a complex scientific process. Thus, Magistrate Judge Fine's Order denying the motion was neither clearly erroneous nor contrary to law. Accordingly, the Court will deny Plaintiff's second appeal and affirm Magistrate Judge Fine's Order.

### c. Third Appeal

In his third appeal, Plaintiff requests the Court vacate Magistrate Judge Fine's Order denying Plaintiff's Motion to Compel Production of Documents (Doc. 100) and order Defendant Trinity Services Group to produce a wholly unredacted version of contract #120094DC. (Doc. 103). Plaintiff argues that production of the full unredacted contract and related amendments should be ordered because the contract is public information because a party to the contract is a state agency, Defendant Trinity Services Group waived any privilege over the document by producing it in a separate case, and Defendant Trinity Services Group could improperly redact necessary information from the contract. (Doc. 103 at 1–3).

Notably, Plaintiff has not offered any evidence or law to support his arguments for receiving a full, unredacted copy of the contract at issue. (*See id.*). Consequently, Magistrate Judge Fine found that the contract was not public information simply because one of the parties involved is a state agency and that it is appropriate to allow Defendant Trinity Services Group to redact its sensitive, confidential, and privileged information. (Doc. 100 at 4–5). Magistrate Judge Fine additionally determined that, even if an unredacted contract had been produced in another case, Plaintiff's argument that such production subjects the contract to automatic production without redaction in all future cases is erroneous. (*Id.* at 5). Finally, Magistrate Judge Fine found that Plaintiff's arguments regarding improper redactions are premature and unsupported. (*Id.*).

The Court agrees with Magistrate Judge Fine regarding each of Plaintiff's arguments. Plaintiff provides, and the Court is aware of, no legal support for the arguments

that contracts with state agencies are public information or that the production of an unredacted document in a single case subjects the document to automatic unredacted production in all future litigation. Further, there is no evidence or reason to believe that Defendant Trinity Services Group will improperly redact necessary information from the contract at issue, and, if it does make improper redactions, Plaintiff can then raise his argument that portions of the contract have been improperly redacted.

Accordingly, the Court finds that Magistrate Judge Fine's Order denying the motion was neither clearly erroneous nor contrary to law, and the Court will deny Plaintiff's third appeal and affirm Magistrate Judge Fine's Order.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's appeals from Magistrate Judge Fine's Orders (Docs. 101, 102, 103) are **DENIED** and Magistrate Judge Fine's Orders (Docs. 98, 99, 100) are **AFFIRMED**.

Dated this 4th day of August, 2021.

James A. Teilborg
Senior United States District Judge