**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo, | No. CV-19-05349-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Bautista, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 110). For the following reasons, the motion will be denied.

**I.  BACKGROUND**

On July 2, 2021, Magistrate Judge Fine issued three orders denying numerous motions filed by Plaintiff. (Docs. 98, 99, 100). On July 8, 2021, Plaintiff appealed those orders in this Court. (Docs. 101, 102, 103). On August 4, 2021, this Court denied Plaintiff's appeals and affirmed Magistrate Judge Fine's orders. (Doc. 107). On August 6, 2021, Plaintiff filed the instant Motion for Reconsideration of the Court's August 4 Order. (Doc. 110).

**II.  LEGAL STANDARD**

District of Arizona Local Rule of Civil Procedure 7.2(g) governs motions for reconsideration. It provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with

> reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1). Manifest error under LRCiv 7.2(g)(1) is "error that is plain and indisputable . . . that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *1 (D. Ariz. Apr. 1, 2014) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)).

Further, mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Motions for reconsideration are disfavored and should be granted only in rare circumstances." *Morgal v. Maricopa Cty. Bd. of Sup'rs*, No. CIV 07-0670-PHX-RCB, 2012 WL 2368478, at *1 (D. Ariz. June 21, 2012).

### III. ANALYSIS

Plaintiff's Motion for Reconsideration addresses each of his original appeals individually. (*See* Doc. 110). Accordingly, the Court will address Plaintiff's arguments regarding each appeal in turn.

### a. First Appeal (Doc. 101)

Regarding his first appeal, Plaintiff does not ask the Court to reconsider its August 4 Order, but to "issue an Order directing the Clerk of the court to send the Plaintiff any forms and instructions for submitting a proposal for a change to the local rules of court." (Doc. 110 at 1). The Court will not issue such an order as amendments to the local rules

can be submitted in accordance with LRCiv 83.9 and instructions for submitting such an amendment can be found on the web page for the United States District Court for the District of Arizona.

### b. Second Appeal (Doc. 102)

Regarding his second appeal, Plaintiff asks the Court to appoint an independent expert to "analyze the cycle menus for the amounts of vitamin B12" in his food, provide that analysis to each party, and answer certain of Plaintiff's interrogatories. (Doc. 110 at 3). In the alternative, Plaintiff asks the Court to appoint an expert witness for him that will not be independent but, instead, will work for and be paid for by Plaintiff. (*Id.*).

To begin, the Court stated in its August 4 Order, "[c]ourts do not appoint independent expert witnesses to assist a litigating party in the collection of evidence." (Doc. 107 at 5). Plaintiff provided no new law showing that he is entitled to the appointment of an independent expert to assist his litigation efforts, nor did Plaintiff argue that the Court's determination was manifest error. (*See* Doc. 110). Thus, Plaintiff's request for the Court to appoint an independent expert to collect evidence for him and answer interrogatories remains improper.

Plaintiff instead argues that there is a serious dispute, created by Defendant Trinity Services Group's failure to answer interrogatories to Plaintiff's satisfaction, which can only be settled by an expert witness. (*Id.* at 2–3). The "dispute," Plaintiff asserts, is Defendant Trinity Services Group's refusal to provide Plaintiff with the amounts of vitamin B12 in the food it serves or "a list of ten (10) food items that are the best sources of vitamin B12." (*Id.*). While there may be a dispute between Plaintiff and Defendant Trinity Services Group regarding certain interrogatories, such a dispute is not the kind that requires the appointment of a neutral expert to resolve. *See McCoy v. Stronach*, 494 F. Supp. 3d 736, 740 (E.D. Cal. 2020) (noting that the appointment of an independent expert was unnecessary as there was no evidence demonstrating a serious dispute for which the court would require special assistance). Plaintiff's concerns are more appropriately addressed through his pending Motion to Compel (Doc. 108) than through a motion for the

appointment of an independent expert.

Finally, a motion for reconsideration is not a proper avenue for Plaintiff's new request that the Court appoint an expert witness for him because it was not a subject of the August 4 Order. Even if it was properly raised, however, Plaintiff's request would be denied. Plaintiff has presented, and the Court is aware of, no law supporting his request for the Court to select and appoint an expert witness to serve Plaintiff's interests. (*See* Doc. 110). Instead, it is the Court's responsibility to serve as a "neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). Thus, it would be improper for the Court to procure an expert to assist Plaintiff in the pending litigation.

### c. Third Appeal (Doc. 103)

Regarding his third appeal, Plaintiff asks that sanctions be imposed on Defendant Trinity Services Group because it "could and can not [sic] truthfully state that [the contract at issue] required redaction before a copy could be produced to the Plaintiff." (Doc. 110 at 5). Plaintiff opens this section by arguing that he provided legal support for the proposition that contracts with state agencies are public information by citing Ariz. Rev. Stat. § 41-1609.01. (*Id.* at 4). None of the provisions in Ariz. Rev. Stat. § 41-1609.01, however, state that contracts with state agencies are public information. Instead, Ariz. Rev. Stat. § 41-1609.01 simply lists the criteria for "adult incarceration contracts."

Plaintiff further argues that the contract at issue became public record once Defendant Trinity Services Group submitted their initial offer to the state per certain contractual provisions provided by Plaintiff in the instant motion. (Doc. 110 at 4). As Plaintiff offered no reason why these contractual provisions could not have been provided to the court in his original motion, they ordinarily would not constitute appropriate grounds to grant a motion for reconsideration. *See* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). Even if they were appropriate grounds to grant Plaintiff's motion,

though, the contractual provisions do not support Plaintiff's position. The provisions provided by Plaintiff state that any "Offers" submitted by a contractor are public records, but they do not indicate that any contracts will also be public records. (*See* Doc. 110-1 at 5). While "Offer" is a defined term and Plaintiff has not provided the definition, the included provision makes it clear that an "Offer" and the ultimate contract are separate items. (*See id.*). Thus, Plaintiff's submission does not show that the contract at issue is in the public record.

Finally, Plaintiff argues that Defendant Trinity Services Group cannot properly argue that its confidential information is in the contract at issue because the information in the contract is property of the state. (Doc. 110 at 5). To support this argument, Plaintiff submits contract provisions indicating that all materials created under the contract and any intellectual property "created or conceived pursuant to or as a result of" the contract are property of the state. (*See* Doc. 110-1 at 7). These provisions, however, do not state that all information in or associated with the contract is property of the state, nor do they indicate that Defendant Trinity Services Group is not entitled to keep their trade secrets confidential. (*See id.*). Thus, Plaintiff has not shown that he is entitled to an unredacted version of the contract nor has he shown that Defendant Trinity Services Group should be subject to sanctions.

### IV.    CONCLUSION

Because Plaintiff has failed to show manifest error or show new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence, the Court finds no cause for reconsideration of its August 4 Order.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 110) is **DENIED.**

Dated this 13th day of August, 2021.

*James A. Teilborg*
Senior United States District Judge