**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo, | No. CV-19-05349-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Bautista, et al., | |
| Defendants. | |

Before the Court is Plaintiff's appeal (Doc. 128) from Magistrate Judge Fine's November 1, 2021, Order, which denied Plaintiff's Motion to Appoint an Independent Expert Witness (Doc. 127). The Court now rules.

**I.   BACKGROUND**

After his previous complaints were dismissed, Plaintiff Paul Anthony Robledo ("Plaintiff") filed his Third Amended Complaint on April 23, 2020. (Doc. 13). The Court dismissed count one of the Third Amended Complaint and ordered Defendants Bautista and Trinity Services Group to answer counts two and three of the Complaint. (Doc. 14). Count II is a freedom of speech claim, alleging that Defendant Bautista "completely stifled" Plaintiff in his appeal of confiscated mail. (*Id.* at 3–4). Count III is a claim regarding a denial of "basic necessities," alleging that Plaintiff is provided a diet insufficient under FDA recommendations. (*Id.* at 4). The Court referred the matter to Magistrate Judge Fine. (*Id.*)

On August 24, 2021, Plaintiff submitted a Motion to Appoint an Independent Expert

Witness in Count II ("Motion"). (Doc. 115). Magistrate Judge Fine denied the motion without prejudice because Plaintiff's motion was "too general to meet the requirements of appointment of an expert pursuant to Federal Rule of Evidence 706." (Doc. 127 at 3). Further, Magistrate Judge Fine stated that, "[s]hould the Court later find that appointment of an expert witness be necessary to aid the trier of fact in resolving a complex issue, the Court may sua sponte appoint an independent expert at such a later date." (*Id.* at 5). Plaintiff appealed that decision to this Court. (Doc. 128).

## II.   LEGAL STANDARD

This Court may modify or set aside any part of a pretrial order issued by a magistrate judge that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court will overturn a magistrate judge's decision only if it is the result of "clear error." *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (citations omitted). Under this standard of review, the Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Instead, the Court must have a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). The burden of making this showing is on the objecting party. *See Kinkeade v. Beard*, No. 2:15-CV-01375-TLN-CDK, 2017 U.S. Dist. LEXIS 101501, at *2 (E.D. Cal. June 29, 2017).

## III.   ANALYSIS

Plaintiff requests the Court vacate Magistrate Judge Fine's Order denying Plaintiff's Motion to Appoint an Independent Expert Witness in Count II (Doc. 115) and appoint an independent expert witness. (Doc. 128 at 4). Plaintiff asserts that the Court should appoint an independent expert under Federal Rule of Evidence 706 because expert testimony is important "in cases involving an inmate's First Amendment rights like in Count II of this case." (Doc. 115 at 1).

Under Federal Rule of Evidence 706, a district court has the discretion to appoint an independent expert witness. Fed. R. Civ. P. 706(a) ("The court *may* appoint any expert

that the parties agree on and any of its own choosing") (emphasis added); *see also Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Factors a court should examine when considering the appointment of an independent expert include "the complexity of the matters to be determined and the fact-finder's need for a neutral, expert view." *Carranza v. Fraas*, 763 F. Supp. 2d 113, 119 (D.D.C. 2011); *see Berg v. Prison Health Servs.*, 376 F. App'x 723, 724 (9th Cir. 2010) (holding a district court did not err in denying a motion to appoint an independent expert because the matter did not involve technical evidence or complex issues); *Skylstad v. Reynolds*, 248 F. App'x 808, 810 (9th Cir. 2007) (same). Appointment of an independent expert under Rule 706 "should be reserved for exceptional cases in which the ordinary adversary process does not suffice." *McCoy v. Stronach*, 494 F. Supp. 3d 736, 740 (E.D. Cal. 2020) (internal quotation marks and citation removed).

The Court agrees with Magistrate Judge Fine's determination that there is currently no basis for appointment of an independent expert under Rule 706. Count II of Plaintiff's Third Amended Complaint asserts a freedom of speech claim, alleging that Defendant improperly confiscated his incoming mail and subsequently stifled his appeal request in violation of the First Amendment. (Doc. 13 at 5–6). Magistrate Judge Fine stated—and the Court agrees—that the issues for this Count "do not appear complex, and it appears that the ordinary adversary process in litigating Count Two will suffice." (Doc. 127 at 5). This decision is in line with decisions made by other courts. *See Antonetti v. Skolnik*, No. 3:10-cv-158-LRH-WGC, 2013 U.S. Dist. LEXIS 20124, at *17–18 (D. Nev. Feb. 13, 2013) (finding Plaintiff's First Amendment mail claim "neither so complex nor unduly complicated that the trier of fact would need assistance from an expert"). As Plaintiff has not produced any evidence to indicate that his First Amendment mail claim is uniquely complex, Magistrate Judge Fine did not err in finding the ordinary adversary process would suffice. *See Womack v. GEO Group, Inc.*, No. CV-12-1524-PHX-SRB (LOA), 2013 U.S. Dist. LEXIS 77537, at *6 (D. Ariz. June 3, 2013) (denying appointment of an expert witness when "Plaintiff ha[d] made no showing that the evidence or his claims are so

complex that the appointment of a court expert is necessary"). Because the Court concludes that the issue is not sufficiently complex to warrant an expert witness, the Court denies Plaintiff's motion.

In addition, Plaintiff fails to specify the nature of expert witness requested or what topics the expert would discuss. (*See* Doc. 127 at 3). Because of these deficiencies, the Court believes that Plaintiff is seeking the appointment of expert testimony to further develop his claim. However, courts do not appoint independent expert witnesses to assist a litigating party in the collection of evidence. *Carranza*, 763 F. Supp. 2d at 119; *see also Gorrell v. Sneath*, No. 1:12-cv-0554-JLT, 2013 U.S. Dist. LEXIS 93960, at *6 (E.D. Cal. Jul. 3, 2013) ("[T]he Court is not authorized to appoint an expert to advocate on Plaintiff's behalf."); *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 U.S. Dist. LEXIS 13863, at *9 (E.D. Cal. Jan. 31, 2013) ("The principal purpose of a court-appointed expert pursuant to Rule 706, is to assist the trier of fact, not to serve as an advocate for a party."). Therefore, the mere fact that Plaintiff has struggled to secure an expert witness of his own, (*see* Doc. 115 at 2; Doc. 128 at 3), is not a sufficient reason to persuade the Court to appoint one. *McCoy v. Stronach*, 494 F. Supp. 3d 736, 740 (E.D. Cal. 2020).

Plaintiff asserts that Magistrate Judge Fine erred in stating that the Court does not have the authority to appoint unwilling experts, arguing that the Court has both the power and the "relationships" to do so. (Doc. 128 at 2). But this is not so. First, under Rule 706, courts "may only appoint someone who consents to act." Fed. R. Evid. 706(a). Thus, contrary to Plaintiff's assertions, (Doc. 128 at 2–3), Magistrate Judge Fine correctly stated that "the Court lacks authority to appoint an expert who does not want to do work for this case." (Doc. 127 at 3). Second, the Court does not have the "relationships" to appoint an independent expert. *See Martinez v. Allison*, No. 1:11-cv-001749-RRB, 2016 U.S. Dist. LEXIS 10385, at *4 (E.D. Cal. Jan. 28, 2016) ("The Court does not maintain a roster of qualified 'experts' to call"). Accordingly, Magistrate Judge Fine did not err on either of these grounds.

Finally, Plaintiff argues that Magistrate Judge Fine erred when she found Plaintiff's

case citations inapplicable to his Motion. (Doc. 128 at 2, 3–4). Plaintiff relies principally on two cases to support his Motion: *Steele v. Shah*, 87 F.3d 1266 (11th Cir. 1996), and *Beard v. Banks*, 548 U.S. 521 (2006). According to Plaintiff, *Steele* "stated the appointment of an expert for the indigent Plaintiff may 'avoid a wholly one-sided presentation of opinions on the issue,'" and *Beard* "confirmed the importance of expert testimony in cases involving an inmate's First Amendment rights." (Doc. 115 at 1).

The Court first addresses Plaintiff's reliance on *Steele*. In *Steele*, the Eleventh Circuit reversed a district court's denial of a motion to appoint an expert witness because no explanation was given for the denial. *Steele*, 87 F.3d at 1271. Thus, *Steele* holds only that courts must provide a reason for denying a motion to appoint an expert witness; it does not discuss the circumstances under which a court must appoint one. In fact, the Eleventh Circuit expressly stated, "[w]e emphasize that we do not here offer any opinion on the propriety of appointing an expert witness." *Id.* Because *Steele* does not address the propriety of appointing an expert witness, it does not bear on Plaintiff's Motion here.

Likewise, Plaintiff's reliance on *Beard* is unavailing. In *Beard*, the Supreme Court held that a prison's ban on all newspapers, magazines, and personal photographs for inmates did not violate the First Amendment because the prison officials provided "adequate legal support for the policy." *Beard*, 548 U.S. at 525. Notably, the Supreme Court in *Beard* did not discuss Rule 706(a). By contrast, Plaintiff here seeks under Rule 706(a) to obtain a court-appointed expert witness, (Doc. 115), regarding his claim that one officer has obstructed his access to the appeals process for mail confiscation. (Doc. 14 at 3–4). Thus, it is unclear how *Beard* applies here when it has an unrelated holding based upon facts and claims not analogous to Plaintiff's case.

Upon further examination of both *Steele* and *Beard*, the Court does not believe that either case bears on the propriety of denying a motion to appoint an expert witness in Plaintiff's case. *See Womack*, 2013 U.S. Dist. LEXIS 77537, at *8 (considering and rejecting *Steele* and *Beard*'s application in a request for an expert witness). Therefore, the Court agrees with Magistrate Judge Fine's conclusions that neither *Beard* nor *Steele*

provide authority to support Plaintiff's request to appoint an independent expert witness here.

Accordingly, the Court finds that Magistrate Judge Fine's Order denying the motion was neither clearly erroneous nor contrary to law, and the Court will Deny Plaintiff's Appeal and affirm Magistrate Judge Fine's Order.

### IV.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's appeal from Magistrate Judge Fine's Order (Doc. 128) is **DENIED** and Magistrate Judge Fine's Order (Doc. 127) is **AFFIRMED**.

Dated this 24th day of February, 2022.

James A. Teilborg
Senior United States District Judge