**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo, | No. CV-19-05349-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Bautista, et al., | |
| Defendants. | |

Pending before the Court are three appeals (Docs. 213, 214, 221) from Magistrate Judge Fine's Orders (Docs. 210, 211, 216). The Court now rules.

**I.    BACKGROUND**

Plaintiff Paul Anthony Robledo brought this prisoner civil rights complaint against Defendants Bautista ("Bautista") and Trinity Services Group ("Trinity"). Plaintiff asserts a freedom of speech claim, alleging that Defendant Bautista "completely stifled" Plaintiff in his appeal of confiscated mail. (Doc. 14 at 3–4). Plaintiff also asserts a claim regarding a denial of "basic necessities" against Defendant Trinity, alleging that his provided diet is insufficient under FDA recommendations. (Doc. 14 at 4).

Plaintiff appeals three of Magistrate Judge Fine's Orders which denied his various motions. First, Plaintiff appeals Judge Fine's Order (Doc. 210) which denied his motions (Docs. 154, 161, 162, 163, 167) related to the taking of his deposition. (Doc. 213). Second, he appeals her Order (Doc. 211) denying his Motion to Dismiss (Doc. 194) Defendant Bautista's Motion for Summary Judgment and Statement of Facts. (Doc. 214). Finally,

Plaintiff appeals her Order (Doc. 216) denying Plaintiff's motions (Docs. 168, 198, 207) for sanctions. (Doc. 221). For the reasons below, the Court will deny all three appeals.

## II. LEGAL STANDARD

This Court may modify or set aside any part of a pretrial order issued by a magistrate judge that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court will overturn a magistrate judge's decision only if it is the result of "clear error." *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (citations omitted). Under this standard of review, the Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Instead, the Court must have a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). The burden of making this showing is on the objecting party. *See Kinkeade v. Beard*, No. 2:15-CV-01375-TLN-CDK, 2017 U.S. Dist. LEXIS 101501, at *2 (E.D. Cal. June 29, 2017).

## III. DISCUSSION

Plaintiff has appealed three orders issued by Magistrate Judge Fine (Docs. 213, 214, 221). As each appeal addresses a different order, the Court will examine each appeal in turn.

### A. Plaintiff's First Appeal Regarding His Deposition (Doc. 213)

Plaintiff first appeals Judge Fine's Order which denied Plaintiff's motions (Docs. 154, 161, 162, 163, 167) related to the taking of his deposition. (Doc. 213). Specifically, Plaintiff sought a protective order forbidding Defendants from asking deposition questions regarding his criminal history. (Doc. 210 at 2–3).

Judge Fine denied Plaintiff's motions, finding that they "lack merit sufficient to excuse his actions in relation to his deposition." (Doc. 210 at 5). She also found that Plaintiff "improperly terminated his deposition." (Doc. 210 at 5).

To begin, Plaintiff argues that Judge Fine erred when she said that he improperly terminated his deposition. (Doc. 213 at 1–3). Plaintiff contends that he properly ended his

deposition because he was filing a motion under Fed. R. Civ. P. 30(d)(3)(A). (Doc. 213 at 1). During the deposition, he said that ending the deposition was necessary because Defendant Trinity did not participate in a telephonic conference. (Doc. 213 at 2).

The Court agrees with Judge Fine's determination that Plaintiff's arguments and positions are "tenuous and lack merit," and that he "improperly terminated his deposition." (Doc. 210 at 5). While Plaintiff argues that counsel for Defendant Bautista was not allowed to be present at the deposition, (Doc. 167), case law does not support this argument. (Doc. 209 at 2). And though Plaintiff argues that Defendant Trinity needed to participate in a telephonic conference to "discuss possible limitations" and to "resolve a dispute," (Doc. 213 at 2–3), it is unclear why Defendant Trinity needed to participate when it did not believe there was a dispute between the parties. (Doc. 171 at 1–2). Finally, as Judge Fine noted, the disputed issues subject to Plaintiff's motion to confer had not arisen in the deposition before he ended it. (Doc. 210 at 5). Judge Fine was not wrong to conclude that Plaintiff improperly ended his deposition.

Plaintiff next argues that Judge Fine erred in concluding that the harm of questions related to his criminal past was spurious. (Doc. 213 at 3–4). Plaintiff argues that his past crimes have no probative value and have the potential to cause harm to the victim. (Doc. 213 at 3–4). Judge Fine found the argument spurious and that the "admissibility of deposition answers can be addressed later" in "motions in limine should this matter or any portion of it proceed to trial." (Doc. 210 at 4).

The Court agrees. At this point in the litigation process, parties can note their objections to questions during the deposition and raise the issue later. But at the time when Plaintiff ended the deposition, Plaintiff's past crimes had not come up. (Doc. 210 at 5). Additionally, Defendants have indicated that they hadn't intended to ask those questions. (Doc. 171 at 1–2). Given the record before the Court, Judge Fine did not err in denying Plaintiff's motion.

Plaintiff finally argues that Judge Fine erred because she stated that his "litigation tactics have unnecessarily delayed and impeded the orderly progression of his deposition."

1  (Doc. 210 at 4–6). Plaintiff argues that he followed the rules of civil procedure, and it was
2  Defendants who delayed the deposition. (Doc. 210 at 6). But as discussed above, Plaintiff
3  improperly ended the deposition solely because counsel for Defendant Bautista was
4  present. Furthermore, Plaintiff's subsequent motions have delayed the taking of his
5  deposition. Judge Fine was not wrong to state that Plaintiff's actions have delayed the
6  litigation process.

7  Thus, Magistrate Judge Fine's Order denying the motion was neither clearly
8  erroneous nor contrary to law. Accordingly, the Court will deny Plaintiff's first appeal and
9  affirm Magistrate Judge Fine's Order.

10  **B. Plaintiff's Second Appeal Regarding His Motion to Dismiss (Doc. 214)**

11  In his second appeal, (Doc. 214), Plaintiff requests the Court to issue an Order
12  reversing Magistrate Judge Fine's Order (Doc. 211) regarding Plaintiff's Motion to
13  Dismiss (Doc. 194) Defendant Bautista's Motion for Summary Judgment and Statement of
14  Facts (Docs. 187 and 188). Plaintiff argued that Defendant Bautista's motions included
15  several misstatements of facts and should be dismissed because of her "misconduct." (Doc.
16  194 at 2). Judge Fine denied Plaintiff's Motion, finding that it was without merit, and he
17  did not make an adequate showing under Fed. R. Civ. P. 11 or 56(h). (Doc. 211 at 4).

18  First, Plaintiff argues that Judge Fine erred because she "basically stated" that
19  Bautista "didn't include false information" in her motions. (Doc. 214 at 1). The Court
20  agrees with Judge Fine's determination that Plaintiff did not make an adequate showing to
21  warrant dismissing Defendant Bautista's motion. The Court does not read Defendant
22  Bautista as saying that Plaintiff failed to appeal the seizure. Rather, Defendant Bautista
23  said that Plaintiff could have grieved that she was misinterpreting policy but chose not to.
24  (Doc. 211 at 3–4). Thus, Plaintiff's first argument is denied.

25  Plaintiff next argues that Judge Fine incorrectly found that Plaintiff's deposition is
26  unrelated to Defendant Bautista's motion for summary judgment. (Doc. 214 at 3). Plaintiff
27  argues that a deposition is usually used to support motions for summary judgment. (Doc.
28  214 at 3).

1     The Court does not interpret Judge Fine as endorsing Defendant Bautista's statement. Judge Fine said that "Defendant Bautista points out that Plaintiff's deposition is unrelated to Defendant Bautista's motion for summary judgment." (Doc. 211 at 3). This statement is hardly evidence that Judge Fine "seems to agree" with Defendant Bautista. And, even if Judge Fine did agree, this is not sufficient evidence to show that her decision was clearly erroneous and contrary to law. Just because depositions are frequently used to support a motion for summary judgment does not mean that Plaintiff's deposition is "clearly related" to Defendant Bautista's motion. (Doc. 214 at 3). Accordingly, Judge Fine was not wrong in citing Defendant Bautista's argument.

Judge Fine's Order denying the motion was neither clearly erroneous nor contrary to law. Accordingly, the Court will deny Plaintiff's second appeal and affirm Magistrate Judge Fine's Order.

**C. Plaintiff's Third Appeal Regarding His Motion for Defendant Trinity to Show Cause/Sanctions (Doc. 221)**

In his third appeal, (Doc. 221), Plaintiff requests the Court vacate Magistrate Judge Fine's Order (Doc. 216) denying Plaintiff's various motions. Plaintiff filed a Motion for Defendant Trinity to Show Cause (Doc. 168), a Motion for Sanctions against Defendant Trinity (Doc. 198), and another Motion for Sanctions (Doc. 207).

Judge Fine ordered Defendant Trinity to provide responses to interrogatories regarding eggs and meat served at ASPC-Lewis-Barchey Unit. (Doc. 159). Though Defendant Trinity answered the interrogatories, Plaintiff argued that Defendant Trinity did not comply with the Order and requested sanctions. (Doc. 198). Specifically, Plaintiff complained about that the timing of the production of the corned beef label, egg ingredients, and the lack of verification. (Doc. 198 at 2–3).

Judge Fine denied Plaintiff's motions, finding that Defendant Trinity had complied with the Court's Order. (Doc. 216 at 4). Judge Fine also found that Plaintiff failed to resolve the issues through telephonic conferral and denied Plaintiff's additional motion for sanctions on that basis. (Doc. 216 at 6–7).

1    First, Plaintiff argues that Judge Fine is mistaken when she expressed disapproval
2 with "Plaintiff's failure to attempt to telephonically confer" with Defendant Trinity. (Doc.
3 221 at 1–2). Plaintiff argues that the blame lies with Defendant Trinity because its counsel
4 had previously refused to confer with Plaintiff. (Doc. 221 at 1–2).
5    The Court finds that Judge Fine did not err when she said Plaintiff needed to confer
6 with Defendant Trinity before bringing further discovery disputes. Judge Fine agreed with
7 Defendant Trinity that meeting and conferring had already led to the withdrawal of one of
8 the complaints. (Doc. 216 at 6). Additionally, Judge Fine notes—and Plaintiff
9 acknowledges (Doc. 221 at 3)—the sharp tone of Plaintiff's motions and how that may
10 reflect any futility of telephonic conferral. (Doc. 216 at 6). Though Plaintiff may believe
11 meeting and conferring to be futile, it is still a necessary procedure to follow before
12 bringing discovery disputes.
13    Next, Plaintiff argues that Judge Fine erred when she cited Defendant Trinity's
14 claim that the precooked egg patties have the same amount of Vitamin B12 as scrambled
15 eggs. (Doc. 221 at 2). Plaintiff claims that additional ingredients are added to the precooked
16 egg patties which affects the amount of Vitamin B12. (Doc. 221 at 2).
17    The Court finds that Judge Fine did not err when she found that Defendant Trinity
18 complied with the Court's order regarding the egg nutrition. (Doc. 216 at 3–4). Defendant
19 Trinity claims that it provided the Vitamin B12 amount in both plain eggs and scrambled
20 eggs. (Doc. 200 at 2). And it also claims that the scrambled eggs are made from the
21 precooked egg patties. (Doc. 200 at 2). Therefore, Defendant Trinity argues that it has
22 provided the Vitamin B12 amount for the precooked egg patties. (Doc. 200 at 2). Though
23 Plaintiff points out there are added ingredients to the precooked egg patties, those same
24 ingredients would be present in the scrambled eggs. (Doc. 221 at 2). Thus, the Vitamin
25 B12 would be the same in the scrambled eggs as the patties.
26    Plaintiff also argues that Judge Fine erred when she cited Defendant Trinity's claim
27 that there was no evidence that the eggs contained a lot of artificial ingredients. (Doc. 221
28 at 2–3). Plaintiff argues this is untrue because footnote 1 of Doc. 173 indicates there are a

lot of artificial ingredients in the eggs.[1] (Doc. 221 at 2–3). And Plaintiff argues that his use of artificial ingredients meant "a lot of ingredients that are not eggs." (Doc. 221 at 3).

Judge Fine did not err when she cited Defendant Trinity's claim about artificial ingredients. Artificial ingredients usually refer to an ingredient that is not derived from a natural source. *See Brown v. Starbucks Corp.*, No. 18cv2286 JM (WVG), 2019 U.S. Dist. LEXIS 150775, at *3 (S.D. Cal. Sep. 3, 2019); 21 C.F.R. § 101.22(i)(1). Reviewing the list of ingredients in the egg patties, it is fair to say that not a lot of the ingredients are artificial. Moreover, even if there were a lot of artificial ingredients in the eggs, it is unclear how that makes Judge Fine's Order "clearly erroneous" because none of Plaintiff's claims relate to whether the eggs contain a lot of artificial ingredients.

Finally, Plaintiff argues that Judge Fine erred when she cited Defendant Trinity's claim that Plaintiff's evidence about the corned beef was vague and without foundation. (Doc. 221 at 4).

Plaintiff argued that Defendant Trinity should have provided him with labels of the corned beef from the box and not the internet. (Doc. 183 at 2–3). Plaintiff says that Defendant Trinity had the time to provide the labels of the corned beef. (Doc. 183 at 2–3). In Response, Defendant Trinity said that it no longer served corned beef and, as such, couldn't photograph the boxes of corned beef. (Doc. 200 at 1–2). Instead, it obtained a photograph of the box directly from the manufacturer. (Doc. 200 at 1–2). Based on those facts, Judge Fine found that Defendant Trinity complied with the Order. (Doc. 216 at 4).

The Court agrees. Even assuming Plaintiff is correct that Defendant Trinity served corned beef for over two years, that does not mean that Defendant Trinity would still have access to the boxes to take a picture. Additionally, Defendant Trinity substantially complied by contacting the manufacturer to get a picture of the box. Judge Fine did not err

---

[1] These are the ingredients in the scrambled eggs: "Egg Whites, Whole Eggs, Egg Yolks, Water, Modified Food Starch, Whey, Milk, Soybean Oil, Dicalcium Phosphate, Salt, Artificial Butter Flavor (soybean oil, propylene glycol, artificial flavor) Contains 2% or Less of the Following: Xanthan Gum, Natural Flavor, Sauteed Flavor (refined soybean oil, medium chain triglycerides, natural flavor), Sodium Bicarbonate, Citric Acid, Color (includes beta carotene), Propylene Glycol, EDTA, Guar Gum, Pepper, Locust Bean Gum." (Doc. 173 at 2 n.1).

1  when she found that Defendant Trinity complied with the Court's Order by providing a
2  picture of the corned beef box.
3        Accordingly, the Court finds that Magistrate Judge Fine's Order denying the motion
4  was neither clearly erroneous nor contrary to law. The Court will deny Plaintiff's third
5  appeal and affirm Magistrate Judge Fine's Order.

6  **IV.     CONCLUSION**
7        Based on the foregoing,
8        **IT IS ORDERED** that Plaintiff's appeals (Doc. 213, 214, 221) from Magistrate
9  Judge Fine's Orders are **DENIED** and Magistrate Judge Fine's Orders (Docs. 210, 211,
10  216) are **AFFIRMED**.
11        Dated this 14th day of June, 2022.

_____
James A. Teilborg
Senior United States District Judge