**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo, | No. CV-19-05349-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Bautista, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Permission to Appeal the District Court's Order to the Ninth Circuit Court of Appeals. (Doc. 230). Plaintiff has also filed a motion wanting to refile his Motion for Permission to Appeal so that it is docketed with the title as it appears in his motion. (Doc. 232). The Court now rules.

**I.    BACKGROUND**

Plaintiff Paul Anthony Robledo brought this prisoner civil rights complaint against Defendants Bautista ("Bautista") and Trinity Services Group ("Trinity"). Plaintiff asserts a freedom of speech claim against Defendant Bautista and a claim regarding a denial of "basic necessities" against Defendant Trinity. (Doc. 14 at 3–4).

Plaintiff filed various motions alleging Defendants failed to comply with Magistrate Judge Fine's discovery and scheduling orders. (Docs. 154, 161, 162, 163, 167, 168, 194, 198, 207). Magistrate Judge Fine denied Plaintiff's motions, (Docs. 210, 211, 216), and this Court affirmed. (Doc. 228). Plaintiff has now filed a motion seeking permission to file an interlocutory appeal. (Doc. 230).

## II. LEGAL STANDARD

Federal appeal courts have jurisdiction over appeals from all final decisions of the district courts. 28 U.S.C. § 1291. 28 U.S.C. §1292(b) provides a mechanism for parties to bring an immediate appeal of a non-final order if both the district court and the appellate court consent. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025–26 (9th Cir. 1982). However, an appellate court may also have jurisdiction to hear an appeal of an otherwise non-appealable district court order in rare circumstances in which such order involves (1) a controlling question of law as to which there is (2) substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Section 1292(b) "is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan*, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Courts thus should apply §1292(b) only when "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015) (quotation omitted). And even when all three factors are met, a district court has "'unfettered discretion' to deny certification." *Villarreal*, 85 F. Supp. 3d at 1068 (citation omitted).

## III. DISCUSSION

Plaintiff seeks certification for interlocutory appeal on the question of whether this Court abused its discretion in affirming Magistrate Judge Fine's Orders. (Doc. 230 at 2). As the Plaintiff failed to meet all three requirements of §1292(b), his motion will be denied. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

### A. Controlling Question of Law

To be eligible for certification for an interlocutory appeal, an order must involve a controlling question of law. "Congress did not specifically define what it meant by 'controlling'" as used in section 1292(b). *See In re Cement*, 673 F.2d at 1026. But the

Ninth Circuit has held that a question of law is "controlling" if resolution of the issue on appeal could materially affect the outcome of litigation in the district court. *Id.* Under Section 1292(b), a question of law is a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" that "the court of appeals could decide quickly and cleanly without having to study the record[.]" *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 676 (7th Cir. 2000); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1089 (E.D. Cal. 2008); *Sierra Foothills Pub. Util. Dist. v. Clarendon Am. Ins. Co.*, 2006 U.S. Dist. LEXIS 55863, at *8 (E.D. Cal. July 25, 2006).

Here, there is not a controlling question of law. The controlling question of law that Plaintiff wants the Ninth Circuit to review is whether this Court abused its discretion when it affirmed Magistrate Judge Fine's Orders. (Doc. 230 at 2). Such a question is "necessarily a mixed question of law and fact" because a court abuses its discretion "when it does not apply the correct law or rests its decision on a clearly erroneous finding of material fact." *Ahmadzai v. Stohlman & Rogers, Inc.*, No. 2:15-cv-00989-MCE, 2016 U.S. Dist. LEXIS 29746, at *15 (E.D. Cal. Mar. 7, 2016); *see also Jeff D. v. Otter*, 643 F.3d 278, 283 (9th Cir. 2011). Thus, courts have found that abuse of discretion is not a controlling question of law. *Ahmadzai*, 2016 U.S. Dist. LEXIS 29746, at *15; *Ohio Envtl. Council v. United States Dist. Court, S. Dist., etc.*, 565 F.2d 393 (6th Cir. 1977). Accordingly, the Court finds that Plaintiff has failed to establish that the issue of whether the Court abused its discretion involves a controlling issue of law.

**B.   Substantial Ground for Difference of Opinion**

Likewise, Plaintiff has failed to show that the issue at hand involves a substantial ground for difference of opinion. To decide whether a substantial ground for difference of opinion exists under §1292(b), courts must assess "to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. Usually, controlling law will only be sufficiently unclear "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* Just because a court

could have applied settled law differently does not mean that a substantial ground for difference of opinion exists. *Id.*

Here, Plaintiff has not presented any evidence that there is a substantial ground for difference of opinion. As discussed above, abuse of discretion is not a controlling question of law. Moreover, the controlling law on abuse of discretion in the Ninth Circuit is clear: "A district court abuses its discretion, inter alia, when its decision rests on irrelevant considerations." *Equihua-Equihua v. Sessions*, 719 F. App'x 580, 582 (9th Cir. 2017); *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014) (stating appellate court "must consider whether the district court's decision was based on a consideration of the relevant factors"). Accordingly, the Court does not find that there is a substantial ground for difference of opinion.

**C. Appeal Advance the Litigation**

Finally, the third certification factor—material advancement of the ultimate termination of the case—requires "considerations of judicial economy and the need to avoid unnecessary delay and expense and piecemeal litigation." *Kislev Partners, L.P. v. U.S.*, 84 Fed. Cl. 378, 385 (Fed. Cl. 2008). Section 1292(b) should be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026.

Plaintiff argues that his appeal materially advances the ultimate termination of the appeal because a ruling in his favor "is grounds for remand and reassignment to a new Senior District Court Judge which may lead to an immediate settlement." (Doc. 230 at 10). And that Defendant "Trinity will not want to 'start over' with a new judge." (Doc. 230 at 10).

Here, Plaintiff's appeal will not materially advance the ultimate termination of this litigation as his appeal would only impact his claim against Defendant Trinity. His case against Defendant Bautista would still proceed regardless of the interlocutory appeal. *Perez v. Ariz. Logistics*, No. CV-16-04499-PHX-DLR, 2020 U.S. Dist. LEXIS 255119, at *7 (D. Ariz. Sep. 23, 2020). This would cause piecemeal litigation and add unnecessary

expense. Thus, this factor also weighs against § 1292(b) certification.

### D. Conclusion

All three § 1292(b) factors weigh against certification. Therefore, certification on this question is not appropriate.

Plaintiff also filed a motion seeking his Motion for Permission to Appeal to be refiled as it was originally titled to avoid confusion. (Doc. 232). The Court recognizes that Plaintiff's Motion for Permission to Appeal was mistakenly docketed with the Ninth Circuit. But his motion is now docketed as a "Motion for Permission to Appeal," (Doc. 230), and the Court believes that it is sufficiently titled to avoid confusion. Moreover, Plaintiff's motion is moot as the Court is denying his Motion for Permission to Appeal. Thus, Plaintiff's Motion to Refile (Doc. 232) is denied.

## IV.  CONCLUSION

Since Plaintiff has failed to satisfy 28 U.S.C. § 1292(b)'s requirements for certification of interlocutory appeals. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Certification pursuant to 28 U.S.C. § 1292(b) (Doc. 230) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Order Directing the Clerk of this Court to refile Doc. 230 (Doc. 232) is **DENIED**.

Dated this 15th day of July, 2022.

James A. Teilborg
Senior United States District Judge