JDN

WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Paul Anthony Robledo, | No. CV 19-05349-PHX-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Bautista, et al., | |
| Defendants. | |

On January 4, 2023, the Court entered an Order granting Defendant Jeanelle Bautista's Motion for Summary Judgment and denying Defendant Trinity Service Group's (Trinity) Motion for Summary Judgment. (Doc. 250.) Before the Court is Plaintiff Paul Anthony Robledo's Motion for Reconsideration of that part of the January 4, 2023 Order that granted Defendant Bautista's Motion for Summary Judgment and that permitted Defendant Trinity to file a successive summary judgment motion. (Doc. 252.)[1] The Court will deny Plaintiff's Motion.

**I.   Background**

Plaintiff, who is currently confined in the Arizona State Prison Complex-Lewis, Bachman Unit, brought this pro se civil rights action under 42 U.S.C. § 1983 against Correctional Officer (CO) Jeanelle Bautista and Trinity, the private company contracted

---

[1] Also before the Court is Defendant Trinity's Second Motion for Summary Judgment (Doc. 256), which will be addressed by a separate Order.

with the Arizona Department of Corrections, Rehabilitation, and Reentry to provide meal service to prisoners. (Doc. 13.)

In Count Two of his Third Amended Complaint, Plaintiff asserted a freedom of speech claim against Defendant Bautista, who was the mail and property CO II. (Doc. 13 at 5.) Plaintiff alleged that when incoming mail is confiscated, the only avenue for appeal is for the prisoner to file an appeal to the Complex Office of Publication Review by submitting an inmate letter within 30 days of receiving notice of the confiscation. Plaintiff alleged that in March 2019, Defendant Bautista confiscated a piece of Plaintiff's mail, and when Plaintiff submitted an appeal request of that confiscation, Bautista opened it, read it, and responded to the appeal herself, thereby censoring and stifling Plaintiff's attempt to appeal to the Lewis Complex Office of Publication Review. (*Id.*)

In Count Three, Plaintiff alleged that Defendant Trinity has a policy and custom of providing Plaintiff with an insufficient diet and, as a result, he has been diagnosed with vitamin B12 deficiency anemia, and he is at risk of developing serious health problems. (*Id.* at 7–9.)

In its January 4, 2023 Summary Judgment Order, the Court determined that, as to Count Two, Defendant Bautista's action in confiscating Plaintiff's incoming document and denying him an opportunity for an appeal and independent review was not pursuant to any established state or department procedure; rather, it constituted negligence, incompetence, or a mistake, none of which supported a due process violation. (Doc. 250 at 8–9.) *See Hudson v. Palmer*, 468 U.S. 517, 532 1984) (to support a due process violation, the deprivation must be "caused by conduct pursuant to established state procedure"); *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002) (holding that neither "mere negligence" on the part of prison officials, nor "random and unauthorized acts" are actionable as a due process violation under § 1983) (citations omitted). Summary judgment was therefore granted as to Plaintiff's claim in Count Two against Defendant Bautista.

The Court denied summary judgment as to the Count Three conditions-of-confinement claim against Defendant Trinity. (Doc. 250 at 15–20.) The Court found

questions of fact as to the recommended dietary allowance for vitamin B12 and whether Plaintiff received food adequate in vitamin B12 to maintain his health, i.e., whether he was denied "the minimal civilized measure of life's necessities." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009). The Court further found a question of fact as to whether Defendant Trinity was aware that its diet was insufficient in vitamin B12 and that Plaintiff suffered a vitamin B12 deficiency as a result, whether Defendant Trinity was deliberately indifferent to the risk to Plaintiff's health, and whether Defendant Trinity's policy governing meals allowed a diet insufficient in vitamin B12 to be served and led to a violation of Plaintiff's constitutional rights. (Doc. 250 at 16–18.)

Because the record related to Plaintiff's conditions-of-confinement claim was extremely limited and deficient, the Court permitted the parties to file new summary judgment motions as to the remaining claim in Count Three. (*Id.* at 21.)

Plaintiff moves for reconsideration of the January 4, 2023 Order on the grounds that (1) the ruling as to the Count Two claim against Defendant Bautista was clearly erroneous, and (2) permitting successive summary judgment motions is unfair, unjust, and an abuse of discretion. (Doc. 252.)[2]

## II. Motion for Reconsideration Standard

The Court set out the standard governing a motion for reconsideration in *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*:

> The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought through. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

---

[2] The Court did not direct Defendants to file a response. *See* LRCiv 7.2(g)((2).

215 F.R.D. 581, 582–83 (D. Ariz. 2003). When the challenged order is not a final judgment or appealable interlocutory order, the Court will grant a motion for reconsideration if:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened *after* the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Id.* at 586. In addition, "[n]o motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Id.*; *see* LRCiv 7.2(g)(1).

**III.    Discussion**

    **A.    Summary Judgment in Favor of Defendant Bautista**

Plaintiff argues that granting summary judgment in favor of Defendant Bautista was clearly erroneous because the ruling objectively means that, as long as Defendant Bautista and other prison staff do not follow department policy that guarantees due process, then they are not liable for denying a prisoner's constitutional due process right. (Doc. 252 at 1–2.) Plaintiff submits that this outcome cannot be the intention of governing case law. (*Id.* at 2.) Plaintiff further argues that Defendant Bautista's Motion for Summary Judgment made clear that she believed she was following department policy; thus, her action was intentional and not a mistake, negligence, or a random act. (*Id.*) Finally, Plaintiff contends that Defendant Bautista's claim that she misinterpreted department policy goes beyond incompetence because the policy was clear, concise, and specific. (*Id.*)

None of Plaintiff's arguments are based on new facts that arose or became known after the Court's January 4, 2023 Order. Nor does Plaintiff identify a change in the law that was decided after the Court's decision or show that the Court failed to consider facts

that were presented before the decision.  Rather, Plaintiff effectively asks the Court to rethink what it has already thought through, which is not a proper basis for reconsideration.

Even when considering Plaintiff's arguments, there is no support for reconsideration.  Plaintiff's claim that Defendant Bautista believed that she was following policy supports that her conduct constituted a mistake or was based on incompetence, which does not amount to a due process violation.  Alternatively, Plaintiff appears to argue that Defendant Bautista committed an unauthorized, intentional deprivation, which is not actionable under the Due Process Clause.  *See Hudson*, 468 U.S. 532 n.12, 533 (while an authorized, intentional deprivation is actionable under the Due Process Clause, an unauthorized, intentional deprivation of property does not constitute a procedural due process violation if a meaningful postdeprivation remedy for the loss is available).

For the above reasons, Plaintiff's request for reconsideration of the ruling for summary judgment in Defendant Bautista's favor will be denied.

### B. Successive Summary Judgment Motion

Plaintiff argues that it was unjust and unfair to permit Defendant Trinity to file a second summary judgment motion because litigation has been ongoing for four years, giving Defendant Trinity more than enough time to collect evidence in support of the first summary judgment motion, and allowing a second round of dispositive motions amounts to a "second bite of the appeal."  (Doc. 252 at 3.)  Plaintiff also argues that discovery is closed, and there can be no more summary judgment motions without discovery or disclosures.  (*Id.*)  Plaintiff contends that, under *Hoffman v. Tonnemacher*, a successive summary judgment motion is appropriate only where there is already an expanded factual record, not for the purpose expanding the current factual record.  (*Id.*, citing 593 F.3d 908 (9th Cir. 2010).)

In *Hoffman*, the district court permitted the defendant to file a second summary judgment motion after a mistrial on the merits was declared.  593 F.3d at 910.  The expanded factual record—which justified the successive motion—included testimony from the trial, testimony of an expert deposed after the deadline for filing the initial dispositive

- 5 -

motions, and the testimony of a new expert witness whom the court allowed to be added after the mistrial. 593 F.3d at 912. Thus, Plaintiff is correct that this case differs from *Hoffman*, because here, there is no new testimony or evidence that was unavailable at the time Defendant Trinity filed its first summary judgment motion. But the holding in *Hoffman* was that district courts have discretion to permit successive motions for summary judgment. *Id.* at 912. The availability of an expanded record is just one reason that could support a successive summary judgment motion—it is not the exclusive ground for allowing a successive summary judgment motion. *See id.* at 911; *Cookie Dep't, Inc. v. Hershey Co.*, No. 20-cv-09324-KAW, 2022 WL 5123117 at *1 (N.D. Cal. Oct. 4, 2022) ("[w]hile the Ninth Circuit noted that successive motions for summary judgment are 'particularly appropriate on an expanded factual record,' it did not state that an expanded factual record was required") (quoting *Hoffman*, 593 F.3d at 911); *see also Enlow v. Tishomingo Cnty.*, 962 F.2d 501, 507 n.16 (5th Cir. 1992) ("[i]n fact, the district court may reconsider a previously denied summary judgment motion even in the absence of new material presented"). Moreover, Rule 56 does not limit the number of summary judgment motions that may be filed. *See* Fed. R. Civ. P. 56.

As Plaintiff asserts, allowing Defendant Trinity to file a second summary judgment motion when it did not succeed after its own failure to submit relevant evidence gives it a second bite at the apple, thereby prejudicing Plaintiff, a pro se prisoner litigant. *See Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986) (noting that the value of summary judgment would be diminished if a party could amend the issues to be decided in the same case after that party lost on summary judgment); *Doherty v. Portland Cmty. College*, CV-99-1375-ST, 2000 WL 33200560, at *3 (D. Or. Nov. 15, 2000) (denying the plaintiff's motion for leave to file second summary judgment motion because it "would unduly prejudice [the defendant] and unfairly give [the plaintiff] the proverbial second bite at the apple"). The Court is loath to set a new summary judgment deadline in these circumstances.

Nonetheless, the record in this case at summary judgment was severely lacking, and,

if the parties can produce an expanded factual record, it may be dispositive of the remaining claim or flesh out relevant facts and issues for trial, which will make further proceedings in this matter more efficient. In short, permitting a successive summary judgment motion in this instance is within the Court's discretion and serves to foster the "'just, speedy, and inexpensive' resolution of" the action. *Hoffman*, 593 F.3d at 911 (quoting Fed. R. Civ. P. 1).

Plaintiff's disagreement with the Court's decision to permit successive summary judgment motions is insufficient to warrant reconsideration. Accordingly, Plaintiff's Motion for Reconsideration will be denied.

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Reconsideration (Doc. 252), and the Motion is **denied**.

Dated this 4th day of May, 2023.

James A. Teilborg
Senior United States District Judge